UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:07-Cr-342-Cr-23MAP

AHMED ADELLATIF SHERIF MOHAMED

YOUSSEF SAMIR MEGAHED
_____/

**PRETRIAL DISCOVERY ORDER AND
NOTICE OF TRIAL AND STATUS CONFERENCE**

The Advisory Committee Notes to Fed.R.Crim.P. 16 state that discovery
should be accomplished by the parties themselves and that the rule is intended to
prescribe the minimum amount of discovery to which the parties are entitled (See
Advisory Committee Notes following 1974 Amendment).  The purpose of this Order
is to regulate the discovery proceedings in this case in accordance with these goals,
and to eliminate or minimize the filing of standard discovery motions.  It is the
obligation of the parties to provide the fullest disclosure contemplated by the rules.
Additionally, the parties are reminded that Rule 16(c) imposes a continuing duty to
disclose discoverable information.

**I.  Rule 16(a)(1)**

Given Defendant's request for discovery under Rule 16(a)(1), counsel for the
Government shall disclose to the Defendant not later than ten (10) days from the date
of this Order the following information:

A.  All written, recorded or oral statements made by the
Defendant (including grand jury testimony), as defined
in Rule 16(a)(1)(A).

B.  The Defendant's prior criminal record as defined in
Rule 16(a)(1)(A).

C.  Documents, tangible objects, and papers, which are
material to the preparation of the defense or were
obtained from or belong to the Defendant or are

intended for use by the Government in its case-in-chief, as defined in Rule 16(a)(1)(C).

D. Results or reports of physical or mental examination, and of scientific tests or experiments, which are material to the preparation of the defense, or are intended for use by the Government, as defined in Rule 16(a)(1)(D).

E. At the Defendant's request, the Government shall disclose to the Defendant a written summary of testimony the Government intends to use under Rules 702,703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications as set forth in Rule 16(a)(1)(E).

## II. Rule 16(b)(1)

Given the Government's request for discovery, and the Defendant having demanded discovery pursuant to Rule 16(a)(1)(C), (D), or (E), the Defendant shall disclose to the Government that information required under Rule 16(b)(1)(A) through Rule 16(b)(1)(C) not later than twenty (20) days from the date of this Order.

## III. Exculpatory Information

At an appropriate time, but no later than three (3) days prior to trial (unless 18 U.S.C. §3500 or Fed.R.Crim.P. 26.2 applies), the Government shall disclose to the defense the following:

A. The Government shall reveal to the Defendant and permit inspection and copying of all information and material known to the Government which may be favorable to the Defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and *Kyles v. Whitley*, ___ U.S. ___, 115 S.Ct. 1555 (1995).

B. The Government shall disclose to the Defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of *Giglio v. United States*,

405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) and *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). This includes making available any application to the court for immunity of a witness as well as any order issued in response to the application. The Government need not disclose papers generated at earlier stages of the immunity process.

No further *Brady* motions or requests need be filed with the court. A Defendant, however, may seek relief with respect to a specific dispute concerning the disclosure of favorable evidence.

### IV.  Additional Obligations of the Government

A.    The Government shall advise all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports and statements pertaining to this case which are currently in existence. Other government employees are not required to retain their working papers.

B.    The Government shall not destroy any evidence in this case without giving ten (10) days notice to all defense counsel. If there is any objection filed to the proposed destruction, the Government shall not destroy the evidence without first having obtained the court's approval to do so.

C.    The Government shall provide to each Defendant, no later than ten (10) days prior to trial, a list stating the general nature of any crimes, wrongs or acts it intends to introduce in evidence against the Defendant pursuant to Fed.R.Evid. 404(b).

D.    The Government shall provide to each Defendant, not later than ten (10) days prior to trial, the names of any unindicted co-conspirators whose statements will be offered against the Defendant in the case-in-chief pursuant to Fed.R.Evid. 801(d)(2)(E).

E.    The Government shall state, not later than ten (10) days from the date of this Order, whether electronic surveillance of any kind, or a mail cover, was used in this case. If the answer is in the affirmative, the Government shall state the nature of surveillance and its duration.

F.    The Government shall state, not later than ten (10) days from the date of this Order, whether any confidential informant was used in this case.

G.   The Government shall state whether a Defendant was the subject of electronic surveillance as defined in Title 18, United States Code, §2510(11), and, if so, shall set forth in detail the circumstances thereof, including copies of the application(s), affidavit(s) and order(s).

H.   The Government shall state whether a Defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

I.   The Government shall state whether any evidence to be introduced at trial, or leads therefrom, were obtained as a result of a search warrant issued under Fed.R.Crim.P. 41.

### V.  Procedures and Related Matters

As indicated, the purpose of this Order is to regulate the discovery proceedings in this case in accordance with the goals of Rule 16, and to eliminate or minimize the filing of standard discovery motions.  Accordingly, motions covered by Sections I, II, III, and IV should not be filed as they are unnecessary.  The Government need not respond to motions that appear to be covered by this Order.  If this court determines that a response is required, the Government will be directed to file a response.

Absent good cause, the court will not entertain any motion relating to discovery unless counsel for the moving party certifies that counsel for the parties have been unable to resolve their differences, or reach agreement after holding a conference, or that opposing counsel has refused to confer without good cause.  The court will deny without prejudice any discovery motion that does not contain such a statement.

### VI.  Pretrial Motions

The parties shall have ten (10) days from the date of this Order to file pretrial motions.  In accordance with Local Rule 3.01(b), the opposing party shall have ten (10) days to respond.  **Except as provided in Section V, a failure to file a response**

**to a motion will permit the court to assume that the motion is unopposed.**

### VII.  Notice of Trial Date

This case is set before the Honorable Steven D. Merryday, United States District Judge, **for trial the weeks beginning December 3, 2007.  A status conference will not be scheduled.**

### VIII. Joint Status Report Requirement

The parties shall file a joint status report on or before the fifteenth day of each month.  Said report shall include the following information:

1.  A brief summary of the status of the case, including the number of remaining defendants (including fugitives);

2.  The possibility, if known, of a plea agreement as to each defendant;

3.  The number of days for trial each side requires;

4.  A list of all pending motions, the dates on which they were filed, and whether they are ripe for determination; and

5.  A brief explanation as to whether a potential speedy trial problem exists.

It is so ordered.

DONE AND ORDERED at Tampa, Florida on October 24, 2007.

_Mark a. Pizzo_

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE