UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:07-CR-342-T-23MAP

YOUSSEF SAMIR MEGAHED
_____/

**DEFENDANT MEGAHED'S MOTION TO SEVER
BASED UPON IMPROPER JOINDER IN VIOLATION OF
<u>FEDERAL RULE CRIMINAL PROCEDURE 8(b)</u>**

COMES NOW the defendant, YOUSSEF SAMIR MEGAHED, by and through undersigned counsel and pursuant to Fed.R.Crim.P 8(b), and hereby moves this Honorable Court for its Order severing defendant Megahed from the Indictment of his co-defendant, Ahmed Abdellatif Shefif Mohamed (hereafter referred to as "**Defendant Mohamed**"), as a result of improper joinder in violation of Rule 8(b) of the Federal Rules of Criminal Procedure. As grounds in support thereof, Mr. Megahed shows as follows:

1.      On April 29, 2007, the grand jury returned a two-count Indictment against Youssef Samir Megahed and Defendant Mohamed.

2.      Count One of the Indictment charges Defendant Mohamed with

1

"During and between in or about June, 2007, and on or about August 4, 2007, in the Middle District of Florida and elsewhere with teach[ing] and demonstrat[ing] the making and the use of an explosive and destructive device and [with] distribut[ing] by any means, information pertaining to, in whole and in part, the manufacturing of a destructive device and did distribute by any means information pertaining, in whole and in part, the manufacturing and use of an explosive and destructive device, with the intent that such teaching, demonstration, and information be used for, and in furtherance of, an activity that constitutes a federal crime of violence, to wit: a violation of Tile 18, United States Code, Section 2339A.[1]

3.      Mr. Youssef Samir Megahed is not charged as a co-defendant or co-conspirator with Defendant Mohamed in Count One of the Indictment and there is no evidence in the indictment or otherwise that Mr. Youssef Samir Megahed was involved in a common scheme or plan with Defendant Mohamed to teach, demonstrate, or distribute information regarding the making of explosives or destructive device for any purpose, let alone in furtherance of a federal crime of violence in violation of 18 U.S.C. §2339A.

---

[1]Count One alleges a violation of 18 U.S.C. §§842(p)(2)(A) and 2.

2

4.    Count Two of the Indictment alleges that both Mr. Youssef Samir Megahed and Defendant Mohamed, "On or about August 3, 2007, in the Middle District of Florida and elsewhere [while] not being licensed or permitees under the provisions of Chapter 40 of Title 18 of the United States Code, did knowingly transport and cause to be transported in interstate commerce explosive materials." Count Two alleges a violation of 18 U.S.C. §§ 842(a)(3)(A) and 2.

5.    Pursuant to Fed.R.Crim.P. 8(a), Counts One and Two are arguably properly joined in the same Indictment as to Defendant Mohamed.[2] However, pursuant to Fed.R.Crim.P. 8(b), Mr. Youssef Samir Megahed, who is only charged in Count Two of the Indictment, is improperly joined in the same two-count Indictment with Defendant Mohamed because the allegations alleged in Count One are not part of the "same series of acts or transactions" as the allegations alleged in Count Two of the Indictment. As such, pursuant to Federal Rule of Criminal Procedure 8(b), Mr. Youssef Samir Megahed must

_____

[2]Fed.R.Crim.P. 8(a) **Joinder of Offenses** provides that "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged- whether felonies or misdemeanors or both- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

3

be severed from a joint trial of Defendant Mohamed, in which evidence of Defendant Mohamed's alleged guilt as to Count One is presented.

## MEMORANDUM OF LAW

The issue before the Court is whether, in the present case, the Indictment properly joins Mr. Youssef Samir Megahed in the same two-count Indictment with Defendant Mohamed, where both defendants are charged together in Count Two and only Defendant Mohamed is charged in Count One. It has been well-established that the propriety of joinder in cases where there are multiple defendants is governed by Fed.R.Crim.P. 8(b) and that Fed.R.Crim.P. 8(a) has no application. *United States v. Kopituk*, 690 F.2d 1289, 1312 (11th Cir. 1982); *United States v. Levine*, 546 F.2d 658, 661 (5th Cir. 1977).

Federal Rule of Criminal Procedure 8(b) is a pleading rule. *United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001; *United States v. Morales*, 868 F.2d 1562, 1567-68 (11th Cir. 1989). Rule 8(b) is to be construed liberally in favor of joinder. *United States v. Bryan*, 843 F.2d 1339, 1342 (11th Cir. 1988); *United States v. Meester*, 762 F.2d 867, 883 (11th Cir 1985) (As a general rule, "defendants jointly indicted together should be tried together in the interest of judicial economy.").

4

Rule 8(b), which governs the joinder of defendants, is designed to promote judicial economy and efficiency and to avoid a multiplicity of trials. However, these objectives of economy and efficiency must be weighed against a defendant's right to a fair trial. *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933  (1993); *United States v. Weaver*, 905 F.2d 1466, 1477 (11th Cir. 1990) ("Although one of the goals of joinder is to promote judicial economy, a countervailing purpose of Rule 8(b) is to prevent the commutation of prejudice growing out of charging several defendants with similar but unrelated offenses.").   The joinder of defendants always carries the risk that the jury will be negatively disposed toward one defendant because of the acts of the co-defendant. 41 Am Jur. 2d § 197; *United States v. Sarkisian*, 197 F.3d 966, 977 (9th Cir. 1999) (Co-defendants run a high risk of being found guilty merely by association in a joint trial where one defendant is charged with offenses in which the other defendants did not participate because the detailed evidence introduced to establish guilt of the separate offenses may shift the focus of the trial to the crimes of the single defendant).   As such, Rule 8(b) is designed to balance needed trial efficiency with the prejudice that may result from joining multiple defendants for trial. *Id.*

5

The significant difference between Rule 8(a), which governs joinder of offenses, and Rule 8(b), which allows joinder of defendants, is that Rule 8(a) allows joinder of offenses based on "the same or similar character" of the offenses and Rule 8(b) does not. *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997) ('The primary difference between the two sections is that it is easier to justify joinder [of offenses] under Rule 8(a), because, unlike [joinder of defendants] Rule 8(a) permits joinder of offenses which are merely of the 'same or similar character.'"). In contrast to Rule 8(a), Rule 8(b) only allows joinder of defendants, "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R.Crim.P. 8(b).[3]; *United States v. Andrews*, 765 F.2d 1491, 1496 (11th Cir. 1985).

Thus, joinder of defendants is only allowed where the indictment alleges that the joined defendants have together participated in: (1) the same act or

---

[3]Fed.R.Crim.P. 8(b) **Joinder of Defendants** provides that "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

transaction constituting the offense or offenses; or (2) the same series of acts or transactions constituting an offense or offenses. *United States v. Corral-Martinez*, 592 F.2d 263 (5th Cir. 1979) (Defendant and his cousin who were in a car crossing the border from Mexico were properly joined since charges against them of conspiracy to import, importation, and possession of heroin arose from a single act or transaction); *United States v. Wilson*, 894 F.2d 1245 (11th Cir. 1990) (Joinder of defendants in a joint prosecution was proper; all of the offenses that made up indictment were factually similar, involving large scale importation of drugs, and there was substantial overlap of participants).

For joinder of defendants to be proper, all of the defendants must have participated in the series of acts, and all of the charges joined must arise out of the same series of acts. *United States v. Laca,* 499 F.2d 922 (5th Cir. 1974); *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982) ( For purposes of joinder, in order to be part of the "same series of acts or transactions," acts must be part of one overall scheme about which all joined defendants knew and in which they all participated); *United States v. Sarkisian*, 197 F.3d 966, 976-977 (9th Cir. 1999) (Mere factual similarity of events will not suffice to justify joinder of defendants. Rather there must be some greater logical relationship

7

between the occurrences such as the existence of a common plan, scheme or conspiracy shared by the joined defendants).

No matter how similar offenses may be, they may not be joined in a case in which there are more than one defendant unless they can be said to arise out of a series of acts or transactions. *United States v. Diaz-Munoz,* 632 F.2d 1330, 1336 (5th Cir. 1980)( A "series" is something more than "similar" acts.); *United States v. Marionneaux* 514 F.2d 1244 (5th Cir. 1975) (Joinder impermissible where two separate obstruction of justice conspiracies had different participants, completely different overt acts and the common link between the two conspiracies were the presence of one common defendant); *United States v. Sarkisian*, 197 F.3d 966, 976-977 (9th Cir. 1999) (Joinder of extortion count with car theft count improper when the only meaningful connection between them was that some of the same defendants were charged in both counts and the extortion incident occurred while the car scheme was ongoing, there was no substantial overlap in the evidence, nor did the activity logically fall under the umbrella of one big conspiracy).

There are three common situations in which joinder of defendants will always be impermissible.  The simplest situation is when one defendant is

8

charged with committing an offense and a second defendant is charged with committing a similar offense, but there is no allegation that the two offenses arose out of a series of transactions in which both defendants participated. *United States v. Diaz-Munoz*, 632 F.2d 1330 (5th Cir. 1980) (Where the government failed to prove facts linking together two schemes with which defendants were charged, participation of one defendant in one of the schemes should not be used against a second defendant with respect to the first scheme).

The second common situation where joinder is always improper is the situation in which two defendants are jointly charged with committing an offense, and there is an unrelated charge that on some other occasion one of the defendants committed a similar offense. *United States v. Gentile*, 495 F.2d 626 (5th Cir. 1974) (Joinder improper when two defendants were charged in the same indictment with the sale of PCP and one defendant and not the other was also charged with the sale of LSD, where the sales occurred three weeks apart, the drug transactions took place at separate locations, and the two offenses were distinct and not a part of the same series of acts or transactions by both defendants); *United States v. Bova*, 493 F.2d 33 (5th Cir. 1974) (Counts of indictment charging possession and distribution of heroin by defendant and co-

9

defendant should not have been joined for trial with counts related to possession and distribution by co-defendant alone, where there was no allegation of participation by defendant in second distribution and no series of transactions involving both defendants existed); *United States v. Weaver*, 905 F.2d 1466, 1477 (11th Cir. 1990) (Marijuana conspiracy and cocaine conspiracy improperly joined where the two conspiracies did not overlap temporally, the cocaine conspiracy did not begin until the marijuana conspiracy ended and not all joined defendants were involved in both conspiracies).

The final situation in which joinder is improper occurs when two defendants are charged jointly in one count with committing an offense and a second count in which each defendant is jointly charged with committing a separate and distinct offense from the offense charged in count one. Unless the two separate offenses or incidents can be said to have been part of a series of acts or transactions, joinder is not permitted. *Hoover v. United States*, 268 F.2d 787 (10th Cir. 1959).

In order to determine whether joinder is proper, the trial court must examine before trial the face of the indictment. *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001); *United States v. Weaver*, 905 F.2d 1466, 1476

10

(11th Cir. 1990) (*"*The question of whether joinder is proper under Rule 8(b) is to be determined before trial by examination by the trial court of the allegations stated on the face of the indictment.");  *United States v. Morales*, 868 F.2d 1562, 1568 (11th Cir. 1989) ("[W]e look only to the indictment in order to determine if. . . initial joinder was proper under Rule 8(b));  *United States v. Andrews*, 765 F.2d 1491, 1496 (11th Cir. 1985) (same).

In order to meet the "same series of acts or transactions" requirement of Rule 8(b), the government must demonstrate that the acts alleged in the indictment are united by substantial identity of facts and/or participants. *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992); *United States v. Wilson*, 894 F.2d 1245, 1253 (11th Cir. 1990).   In considering the face of the indictment, the reviewing court must determine whether there was "a substantial identity" of facts and participants between the offenses charged. *United States v. Marionneaux*, 514 F.2d 1244 (5th Cir. 1975).  The character of the acts must have been similar, *Id*, and each of the actors must have known that he acted in furtherance of a common plan in which the other participants were involved. *Id.*  As the Fifth Circuit explained in *Gentile*,:

While criminal acts of several defendants may be similar in

nature, these acts cannot be properly joined in a multiple defendant trial if different facts and circumstances must be established to support the alleged violations. But when the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper. For example, if one person is charged with theft of goods in interstate commerce and the second person is charged with receiving goods that were stolen in interstate commerce, the two offenders may be joined for trial because the facts that must be established to support a violation of each offense are basically the same. They form a series of acts or transactions.

*United States v. Gentile*, 495 F.2d 626, 629 (5th Cir. 1974).

In the present case, the face of the Indictment clearly reveals that Mr. Youssef Samir Megahed is improperly joined with Defendant Mohamed in the two-count Indictment. Count One of the Indictment only charges Defendant Mohamed with making and distributing information regarding the use and making of explosive and destructive devices. There are no allegations in the Indictment that Mr. Youssef Samir Megahed was in anyway connected to or involved in the allegations alleged against Defendant Mohamed in Count One. It is not alleged in the Indictment and there is no evidence that Mr. Youssef Samir Megahed was in anyway connected to Mr. Mohamed's alleged teaching, demonstrating, or distributing of information regarding the making and use of explosive and

12

destructive devices for any purpose, let alone in furtherance of a crime of violence as described in 18 U.S.C. §2339A[4], as is alleged  in Count One of the two-count Indictment.  The facts and circumstances underlying the allegations in Count One of the Indictment (i.e., Defendant's Mohamed's alleged creation and distribution of a You Tube video related to the dissemination of information on the manufacturing of explosive and destructive devices) would not require the presentation of evidentiary facts and circumstances necessary to establish the allegations alleged in Count Two of the Indictment.  As such, the allegations in Count One are not part of the same series of acts and transactions as the allegations in Count Two and, thus, joinder of defendants pursuant to Rule 8(b) is improper.  While it is arguable that Count One and Count Two are similar offenses, pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, defendants charged with similar offenses cannot be joined together in the same indictment unless both joined defendants participated in the same act, transaction or series of acts or transactions constituting the offense or offenses.  Since the conduct described in Count One is not part of the same act or series of acts alleged

---

[4]18 U.S.C. §2339A  makes it unlawful for a person to provides material support which includes training, expert advise or assistance and resources to terrorists.

13

in Count Two, Mr. Youssef Samir Megahed is improperly joined in the same two-count Indictment with defendant Mohamed.  As noted above, in order for joinder of defendants to be proper under Rule 8(b), all of the defendants must have participated in the series of acts, and all of the charges joined must arise out of the same series of acts.  It is not alleged in the Indictment and there is absolutely no evidence that Mr. Youssef Samir Megahed participated in any of the acts alleged in Count One of the Indictment.

The Eleventh Circuit and other circuits have consistently held for well over thirty years that the attempt to join defendants similar to what is being attempted in the present case is improper and severance is required. See *United States v. Gentile*, 495 F.2d 626 (5th Cir. 1974) (Joinder improper when two defendants where charged in the same indictment with the sale of PCP and one defendant and not the other was also charged with the sale of LSD where the sales occurred three weeks apart, the drug transactions took place at separate locations, and the two offenses were distinct and not a part of the same joint common scheme or plan); *United States v. Bova*, 493 F.2d 33 (5th Cir. 1974) (Counts of indictment charging possession and distribution of heroin by defendant and co-defendant should not have been joined for trial with counts related to possession and distribution by co-

14

defendant alone, where there was no allegation of participation by defendant in second distribution and no series of transactions involving both defendants existed); *United States v. Marionneaux,* 514 F.2d 1244, 1248 (5th Cir. 1975) (Joinder of defendants was improper where indictment alleged two conspiracies to obstruct justice, where the two conspiracies had different participants, different overt acts, and the only similarity between the offenses was that one defendant participated in both conspiracies) *United States v. Castro,* 829 F.2d 1038, 1045 (11th Cir. 1987) (Defendant improperly joined where inventory conspiracy and CD conspiracy were not so closely connected that proof of such facts was necessary to establish each offense, nor did there exist a substantial identity of facts and participants involving similar acts in furtherance of a common plan); *United States v. Weaver*, 905 F.2d 1466, 1477 (11th Cir. 1990) (Marijuana conspiracy and cocaine conspiracy improperly joined where the two conspiracies did not overlap temporally, the cocaine conspiracy did not begin until the marijuana conspiracy ended and not all joined defendants were involved in both conspiracies); *United States v. Satterfield*, 548 F.2d 1341, 1345 (9th Cir. 1977) (Although co-defendant was involved in all five robberies charged in indictment, it was improper to join defendant in the indictment where defendant was only involved in two of the

15

robberies with his co-defendant); *United States v. Sarkisian*, 197 F.3d 966, 976-977 (9th Cir. 1999) (Joinder of extortion count with car theft count improper when the only meaningful connection between them was that some of the same defendants were charged in both counts and the extortion incident occurred while the car scheme was ongoing, there was no substantial overlap in the evidence, nor did the activity logically fall under the umbrella of one big conspiracy); *United States v. Mackins*, 315 F. 3d 399, 412-413 (4th Cir. 2003) (Joinder of defendants improper where only one defendant was charged in counterfeit check counts and this same defendant was charged with all of the other defendants in a drug and money laundering scheme where the indictment failed to allege any explicit connection between counterfeit check scheme and drug and money laundering schemes).

Based upon the above cited authorities, the Indictment improperly joins Mr. Youssef Samir Megahed with Defendant Mohamed, mandating that Mr. Youssef Samir Megahed be severed from the Indictment as it relates to Count One and further requiring that Mr. Youssef Samir Megahed be provided a trial on Count Two of the Indictment in which no evidence related to Defendant Mohamed's alleged guilt in Count One is presented.  To not grant a severance of defendants

16

would result in reversible prejudice to Mr. Youssef Samir Megahed because he would run the high risk of being found guilty merely by association with Defendant Mohamed. The prejudice to Mr. Youssef Samir Megahed in a joint trial will only be exacerbated by the fact that, in order for the Government to prevail on Count One against Defendant Mohamed, the Government will be required to present highly inflammatory evidence that Defendant Mohamed's actions were in furtherance of an 18 U.S.C. §2339A material support for terrorist offense. Given the current post-911 climate and this country's current entrenchment in the Iraq War, any terrorist-related evidence is highly prejudicial and will result in an unfair trial for Mr. Youssef Samir Megahed if presented in his trial on Count Two of the Indictment. Mr. Youssef Samir Megahed's right to a fair trial should not have to suffer solely in the name of judicial efficiency and economy.

WHEREFORE, the Defendant, YOUSSEF SAMIR MEGAHED, respectfully moves this Honorable Court to enter an Order pursuant to Fed.R.Crim.P. 8(b) that Mr. Youssef Samir Megahed is improperly joined in the two-count Indictment and severing him from a trial in which evidence regarding Count One is presented.

17

DATED this 9th day of November, 2007.

Respectfully submitted,


R. FLETCHER PEACOCK
FEDERAL PUBLIC DEFENDER

/s/ Adam B. Allen
Adam B. Allen
Florida Bar No.0998184
Assistant Federal Public Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: 813-228-2715
Fax:          813-228-2562
Email:   Adam_Allen@fd.org


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2007, a true and

correct copy of the foregoing was furnished by the CM/ECF system with the Clerk

of the Court, which will send a notice of the electronic filing to Assistant United

States Attorney, Jay Hoffer, 400 North Tampa Street, Suite 3200, Tampa, Florida,

33602.

/s/ Adam B. Allen
Adam B. Allen, Esq.
Assistant Federal Public Defender

18