## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                            Case No. 8:07-CR-342-T-23MAP

AHMED ABDELLATIF SHERIF MOHAMED

_____/

## DEFENDANT AHMED MOHAMED'S MOTION
## TO SUPPRESS ITEMS SEIZED BEYOND THE
## SCOPE OF CONSENT AND MEMORANDUM OF LAW

The Defendant, AHMED ABDELLATIF SHERIF MOHAMED, by and

through his undersigned counsel, pursuant to Federal Rule of Criminal Procedure

12(b)(3)(C) and the Fourth Amendment of the United States Constitution, hereby

requests this Honorable Court to suppress and exclude from evidence in the trial of

the above-styled cause all evidence seized and obtained by law enforcement from

the Defendant's vehicle that went beyond the scope of the Defendant's consent to

search the vehicle, and as grounds therefor states:

1.  The Defendant has filed his Motion to Suppress Evidence Seized from

Vehicle, Request for Evidentiary Hearing and Witness Statements and

Memorandum of Law (Dkt. 102), in which the Defendant argues in part that his

consent for the search of the vehicle he was driving was involuntary and invalid.

2.  In the event that the Court finds the Defendant's consent was valid and voluntary, the Court may next consider whether the search of the vehicle went beyond the scope of the Defendant's consent.

3.  Under the circumstances in which the purported consent was given, both the Defendant and the arresting officer, Deputy Blakely, reasonably understood that the Defendant's consent was limited to locating and examining the fuses and homemade rockets in the vehicle referred to by the Defendant in response to the deputy's direct question.

4.  Any consent to search given by the Defendant was not a general statement of consent without limitations, but in any event the search of the vehicle went well beyond the constraints of reasonableness.

5.  Apart from any search for the fuses and homemade rockets, the deputies seized and examined various documents, a laptop computer, and numerous other items in the vehicle that were not encompassed in the Defendant's consent to search.

6.  The search of the Defendant's vehicle went well beyond the scope of the Defendant's consent, and any items other than fuses and homemade rockets that were seized from the vehicle as a result of this search, and any evidence relating to or derived form those items, are subject to exclusion under the Fourth Amendment

of the United States Constitution.

WHEREFORE, the Defendant requests this Honorable Court to find that the search of the vehicle exceeded the scope of the Defendant's consent and to exclude from evidence all items other than the fuses and the homemade rockets seized as a result of the search of the vehicle as well as any evidence relating to or derived from these items.

### Memorandum of Law

The scope of a consensual search is determined by the terms of the actual consent. United States v. Martinez, 949 F.2d 1117, 1119 (11th Cir. 1992). The terms of consent govern the scope of the search in the same manner as the specifications in a warrant, and as with a warrant the government may not exceed the boundaries of the consent, and any evidence gathered beyond those boundaries must be excluded. Id. See also United States v. Strickland, 902 F.2d 937, 941 (11th Cir. 1990); United States v. Blake, 888 F.2d 795, 798 (11th Cir. 1989). Even where an individual gives a general statement of consent without express limitations, the scope of the permissible search is not limitless, but is constrained by the bounds of reasonableness, i.e., what a police officer could reasonably interpret the consent to encompass. Strickland at 941; United States v. Harris, 928

3

F.2d 1113, 1117 (11th Cir. 1991).  In inquiring into the reasonableness of the search, the court must consider what the parties knew at the time to be the object of the search.  Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297 (1991).  Permission to search a specific area for a specified item may be construed as permission to search any compartment or container within the specified area where the item may be found.  Id.

As set out in the Defendant's Motion to Suppress Evidence Seized from Vehicle, Request for Evidentiary Hearing and Witness Statements, and Memorandum of Law (Dkt. 102), it is the stated position of the Defendant that any consent he gave for the search of the interior of his motor vehicle including the trunk was invalid and involuntary.  In the event that the Court finds that the Defendant's consent for the search of the vehicle was both valid and voluntary, then the Defendant states that the consent given was limited in scope and that the search of the vehicle and the items seized went beyond the scope of the consent, and therefore all evidence seized beyond the scope of that consent must be excluded.

In the moments leading up to the search, as depicted on the video recording of the traffic stop and subsequent investigation starting at the on-screen time stamp of 17:45:53, the arresting officer, Deputy Blakely, interrogated the

4

Defendant at the back of the vehicle about the towns the Defendant stopped at in Georgia and South Carolina and then asked the Defendant, "Anything in this vehicle we should know about, guns, knives, drugs?" Although a portion of his response is inaudible on the recording, the Defendant stated in substance that he had store-bought fuses and "small homemade rockets" in the vehicle. The deputy then said to the Defendant, "You don't have a problem if I look then, right?" In response, the Defendant shrugged and said, "If you must." The deputy directed the Defendant to step away from the vehicle, opened the front passenger door, and spoke to the co-defendant, Youssef Megahed, who was still seated in the front passenger seat. The deputy announced to Mr. Megahed that the Defendant had given consent to search the vehicle and then told Mr. Megahed, "You can leave your computer and your phone down there, or your wallet, you can leave it down there." The deputy then had Mr. Megahed step away from the vehicle and began searching the interior of the vehicle with the help of another officer.

At the beginning of the search, the deputies spent a substantial amount of time leafing through receipts and credit chits they found in the body of the car, apparently interested in confirming the whereabouts of the defendants over the previous several hours, which had nothing to do with the purpose of the traffic stop. Eventually the deputy took the keys out of the ignition and used them to

5

open the trunk where the fuses and homemade rockets were located.  The laptop computer, all of the receipts, and all of the other items in both the body and the truck of the vehicle were eventually seized.  It is the knowledge and belief of the Defendant that additional information has since been derived from an examination of the computer and the documents found in the vehicle.

Based upon what the Defendant and Deputy Blakely knew when the Defendant gave the purported consent and the search commenced, an officer in Deputy Blakely's position could reasonably interpret the scope of the consent to encompass a search for the fuses and homemade rockets described by the Defendant in response to the deputy's direct question about what items "I should know about" and nothing further.  The terms of the consent were set by the Defendant's answer to the deputy's question, and the deputy's statement, "You don't have a problem if I look then, right?" could reasonably be interpreted by the Defendant to be limited to the items the Defendant had just mentioned, and this reasonable belief would have existed when the Defendant responded, "If you must," which constituted the purported consent.  This exchange established that the objects of the search were the fuses and the homemade rockets, thus limiting the scope of the consent given by the Defendant.  Even if the Defendant's consent were to be interpreted as a general statement of consent without express

6

limitations, the scope of the permissible search is constrained by what the deputy could reasonably interpret the consent to encompass, which again in this case was the subject of the Defendant's most recent response, the fuses and the homemade rockets.

The fuses and homemade rockets were not to be found in either the handful of receipts the deputies thumbed through nor in the laptop computer that was seized without a warrant, since none of them were compartments or containers that could reasonably contain the fuses and homemade rockets. The search of these items, and the seizure of these items and all other items in the vehicle that were not fuses or homemade rockets, went beyond the scope of the Defendant's consent to search. The terms of the Defendant's consent governed the scope of the vehicle search in the same manner as the specifications in a warrant if a warrant for this search were obtained. Where a warrant search is conducted and items are seized in flagrant disregard of the specifications in the warrant, the items should be suppressed from evidence. United States v. Medlin, 842 F.2d 1194, 1195-96 (10th Cir. 1988). Because the scope of the Defendant's purported consent was exceeded by the seizure of the documents, the laptop computer, and other items found in the vehicle, these items must be excluded as required by the Fourth Amendment of the United States Constitution.

Respectfully submitted,

S/ Bruce G. Howie
Bruce G. Howie
Florida Bar No. 263230
Bruce G. Howie, P.A.
13577 Feather Sound Drive, Suite 300
Clearwater, FL 33762
Telephone (727) 572-6666
Facsimile (727) 571-1415
Email: howie@brucehowie.com

## Certificate of Service

I HEREBY CERTIFY that on February 11, 2008, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system which will send a

notice of electronic filing to the following:

Jay L. Hoffer, Esq.
Office of the United States Attorney

Adam B. Allen, Esq.
Federal Public Defenders Office

S/ Bruce G. Howie
Bruce G. Howie
Florida Bar No. 263230
Bruce G. Howie, P.A.
13577 Feather Sound Drive, Suite 300
Clearwater, FL 33762
Telephone (727) 572-6666
Facsimile (727) 571-1415
Email: howie@brucehowie.com

8