**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No.:8:07-cr-342-T-23MAP

AHMED ABDELLATIF SHERIF MOHAMED
_____/

**MOTION TO COMPEL THE PRODUCTION OF RULE 16 DISCOVERY,**
**SPECIFIC DEMAND FOR *BRADY/GIGLIO/KYLES* INFORMATION**

Defendant, Ahmed Mohamed, by and through undersigned counsel, and pursuant to the Fifth Amendment to the U.S. Constitution; the Supreme Court's holdings in *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), *United States v. Agurs,* 427 U.S. 97 (1976), *United States v. Bagley,* 473 U.S. 667 (1985), *Kyles v. Whitley,* 514 U.S. 419 (1995) and their progeny; and Federal Rule of Procedure 16, respectfully moves this Court for the entry of an Order requiring the government (1) to disclose and provide the following specific information and materials known, or that with the exercise of due diligence, should be known to the government, by a deadline to be established by the Court as requested herein. As grounds in support, Mr. Mohamed states:

**Preliminary Statement**

This motion is based on a concern over the ongoing production of discovery materials in this case. On April 9, 2008, undersigned counsel received discovery which has been in the possession of the government since November 2007. Given that the trial date is now less than 2 weeks away, it is imperative that the government no longer holds back discovery. In the absence of a meaningful deadline for discovery production, and

1

the manner in which the government has ignored previous requests for production, the parties will not be prepared for trial, and Mr. Mohamed's right to a fair trial may be jeopardized.

The Court's discovery order does not provide a final deadline to the government for the production of Rule 16 discovery. (Doc. 59). Mr. Mohamed requests that the government be required to produce any Rule 16 discovery immediately. In asking for such a deadline, Mr. Mohamed does not waive any argument he may have as to whether any forthcoming discovery has been produced too late for the defense to be prepared adequately for trial.

On March 5, 2008, via an email to Assist. U.S. Attorney Jay Hoffer, undersigned counsel on behalf of Mr. Mohamed requested the production of certain laboratory reports and experiments conducted by the FBI in connection with the investigation of this case. That email went unanswered. Subsequent to that email, undersigned counsel phoned U.S. Attorney Hoffer and again requested production of these reports. Mr. Mohamed notes that the government ignored this request as well. Accordingly, Mr. Mohamed renews his specific request for the following materials in connection with the "explosives" testing that was performed by the FBI.

Laboratory Discovery:

1. Evidence collection forms or logs (description of evidence, packaging, identification of specimens, identification of individuals collecting samples, sample collection procedures).

2. Chain-of-custody records (field-to-lab transfers, and all transfers of evidence and associated analytical samples within the laboratory).

3. Laboratory receiving records (records documenting the date, time and condition of receipt of the evidence in question; laboratory-assigned identifiers; storage location).

2

4. Laboratory procedures for subsampling (collection of analytical aliquots) and contamination control.

5. Copies of technical procedures in effect at the time the subject testing was performed (often termed Standard Operating Procedures, or SOP's) for each procedure used during sample screening and confirmation, including; sample preparation, sample analysis, data reporting, and instrument operation.

6. Copies of the two bracketing proficiency results for each analyst and technician responsible for preparation or analysis of subject specimens, including: raw data and reported results, target values and acceptance ranges, performance scores, and all related correspondence.

7. Copies of traceability documentation for standards and reference materials used during analysis, including unique identifications, origins, dates of preparation and use, composition and concentration of prepared materials, certifications or traceability records from suppliers, assigned shelf lives and storage conditions.

8. Sample preparation records, including dates and conditions of preparation, responsible analyst, procedural reference, purity, concentration and origins of solvents, reagents, and control materials prepared and used, samples processed concurrently, extract volume.

9. Copies of bench notes, log books, and any other records pertaining to case samples or instruments; records documenting observations, notations, or measurements regarding case testing.

10. Instrument run log with identification of all standards, reference materials, sample blanks, rinses, and controls analyzed during the day/shift with subject samples (as appropriate: run sequence, origins, times of analysis and aborted run sequences).

11. Record of any utilized instruments' operating conditions and criteria for variables.

12. Record of instrument maintenance status and activities for instruments used in subject testing, documenting routine and as-needed maintenance activities in the weeks surrounding subject testing.

13. Raw data for the complete measurement sequence (opening and closing quality control included) that includes the subject samples.

14. A description of the library used for spectral matches for the purpose of qualitative identification of explosives substances, including source(s) and number of reference.

15. Procedure(s) for operation and calibration checks of analytical balances used to weigh substances relevant to this investigation such as alleged energetic materials.

16. Results of calibration checks and documentation of mass traceability for gravimetric determinations.

17. Results of contamination control surveys for trace level analytes relevant to test methods at the time of analysis, including sampling design and analytical procedures.

18. Records and results of internal reviews of subject data.

19. Method validation records documenting the laboratory's performance characteristics for qualitative identification and quantitative determinations of relevant analytes, to include data documenting specificity, accuracy, precision, linearity, and method detection limits.

20. Copy of the laboratory's Quality Manual in effect at the time the subject samples were tested as well as the laboratory's most recent Quality Manual (however named; the document that describes the laboratory's quality objects and policies).

21. Copy of the laboratory's ASCLD-LAB application for accreditation, and most recent Annual Accreditation Review Report, as appropriate.

22. Statement of qualifications of each analyst and/or technician responsible for processing case samples to include all names, locations and jurisdictions of cases in which these personnel testified concerning the same substances found in the present case.

23. Copy of the laboratory's ASCLD-LAB on-site inspection report, as appropriate, as well as any reports of on-site inspections by any other testing laboratory audit organization.

24. Copy of internal audit reports generated during the period subject samples were tested.

25. List of capital instrumentation in the laboratory at the time subject testing was performed, including manufacturer, model number, and major accessories.

Respectfully submitted,

| | |
|---|---|
| */s/ Linda Moreno* | */s/ Lyann Goudie* |
| Linda Moreno, Esquire | Lyann Goudie, Esquire |
| Florida Bar No. 112283 | Florida Bar No. 789811 |
| Attorney for Mohamed | Attorney for Mohamed |
| Linda Moreno, P.A. | Goudie & Kohn, P.A. |
| P. O. Box 10985 | 400 North Ashley Drive, |
| Tampa, Florida 33679 | Tampa, Florida 33602 |
| Telephone (813) 247-4500 | Telephone: (813) 413-2424 |
| lindamoreno.esquire@gmail.com | lyann@goudiekohnlaw.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 16, 2008, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to:


Jay L. Hoffer, Esq.
Office of the United States Attorney

Adam B. Allen, Esq.
Federal Public Defenders Office

 */s / Linda Moreno*                                             */s/ Lyann Goudie*
Linda Moreno, Esquire                                         Lyann Goudie, Esquire